**In the Matter of John B. KENNEDY, Debtor.**

**Bankruptcy No. 87–268.**

United States Bankruptcy Court, D. Delaware.

Dec. 30, 1987.

David B. Stratton, Laurie Selber Silverstein, Potter, Anderson & Corroon, Wilmington, Del., for trustee.

Anthony A. Figliola, Jr., Wilmington, Del., for debtor.

BENCH DECISION FOLLOWING DECEMBER 30, 1987 HEARING ON TRUSTEE'S MOTION FOR CONTEMPT ORDER AND CERTIFICATE OF CRIMINAL CONTEMPT

HELEN. S. BALICK, Bankruptcy Judge.

This is the second motion to hold John B. Kennedy, a Chapter 11 debtor in contempt within a month. I have already ruled following hearing on that earlier motion that after notice, hearing and a finding of contempt, this court has the authority to enforce compliance with its lawful judicial orders and no specific statute is required to give it civil contempt power. This is especially so when there is a failure to comply with a lawful order of a bankruptcy judge in connection with the administration of an estate which is a "core" matter.

The present motion is the result of debtor Kennedy's, failure to appear for the required examination of debtor under 11 U.S.C. § 343 which results in a violation of the duties imposed on a debtor under 11 U.S.C. § 521(3) and (4). This failure is especially contumacious in that the trustee indirectly and directly with Mr. Kennedy has gone out of his way to schedule the examination so as not to conflict with Mr. Kennedy's community service obligations imposed by the Municipal Court of Wilmington. Despite this accommodation, Mr. Kennedy has continued in his refusal to obey the court's orders of October 26 and

December 14 directing him to reschedule and appear at a time that did not conflict with his community service obligation.

Counsel did not inform the court as to when that obligation might cease. In anticipation that I not be informed, I called Municipal Court and was referred to Karl Hines, Supervisor of the Community Work Program, who told me Mr. Kennedy's obligation will be satisfied as of tomorrow.

Having found that the debtor, Mr. Kennedy, is again in contempt of additional administrative or "core" orders, I intend to enforce compliance with those orders of October 26 and December 14, 1987.

Movant has asked for a finding of criminal contempt and certification to a District Judge under BR 9020. The amendment to that Rule, effective August 1, 1987, does not provide for certification. Furthermore, the distinction between civil and criminal contempt is at best hazy. However, one way to determine whether it is a civil or criminal contempt is to ascertain the objective of the motion, that is, whether its purpose is remedial and intended to coerce the contemner into performing an act or punishment for disobedience of a court order. Here, the object is to conduct a 2004 examination of debtor which is required by the statute Mr. Kennedy voluntarily invoked and necessary to the administration of the bankruptcy estate.

I therefore find a civil contempt, deny the request for certification and direct that Mr. Kennedy appear on Monday, January 4, 1988, at 11:30 a.m. in Court Room No. 4, Sixth Floor, J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware. His failure to appear at the appointed time will result in the United States Marshal being notified to bring Mr. Kennedy before the court for incarceration until such time as he agrees to answer to the trustee.

In addition, I grant the trustee's request to impose the costs of this motion upon Mr. Kennedy. I direct that the attorneys for the trustee file an affidavit together with time records to support the sum requested in open court, $908.

Ms. Silverstein, please settle an order.